UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>BEVERLY CARR,<br><br>    Defendant/Counter-Plaintiff,<br><br>v.<br><br>CHASE BANK USA, N.A.,<br><br>    Third-Party Defendant. | Case No. 3:12-cv-1295<br>Judge Trauger |

## MEMORANDUM

Pending before the court is a Motion to Dismiss Defendant/Counter-Plaintiff Beverly Carr's ("Plaintiff") Amended Counter Complaint/Third Party Complaint (Docket No. 13) filed by defendants Federal National Mortgage Association ("Fannie Mae") and JP Morgan Chase Bank, N.A.'s ("JP Morgan Chase,"[1] together with Fannie Mae, the "Defendants"), to which the plaintiff has filed a Response in opposition (Docket No. 18). For the reasons discussed herein, the defendants' Motion to Dismiss will be granted, and the plaintiff's claims will be dismissed.

## BACKGROUND

**I.**     **Overview**

---

[1] The defendants note in their brief that Carr improperly identified third-party defendant JP Morgan Chase Bank, N.A., as "Chase Bank USA." For purposes of this memorandum, the court will refer to the third-party defendant as "JP Morgan Chase."

1

Carr is a resident of Madison, Tennessee.[2] Carr's action arises from the sale at foreclosure of her home. On May 19, 2006, Carr obtained a modified mortgage loan through JP Morgan Chase under the Home Affordable Modification Program ("HAMP"). At some point between May 19, 2006 and Carr's delinquency on her mortgage payments in March 2012, Fannie Mae purchased Carr's loan from JP Morgan Chase, and JP Morgan Chase became the servicing agent of the mortgage. Around March 2012, Carr became delinquent on her mortgage payments. JP Morgan Chase corresponded with Carr regarding this delinquency.

Around July 2012, Carr contacted DL Legal for assistance with her mortgage.[3] Carr inquired specifically about assistance in the form of a loan modification that would reinstate her mortgage loan. Carr alleges that she was eligible for a loan modification pursuant to HAMP Tier 2 because she met certain criteria set forth by the HAMP guidelines.[4] Carr submits that DL Legal requested a loan modification on her behalf from JP Morgan Chase on or before September 28, 2012 (the date that the home was sold at a foreclosure sale). Carr avers that, pursuant to the HAMP guidelines, JP Morgan Chase should have suspended the scheduled

---

[2] Unless otherwise noted, the facts are drawn from Carr's Amended Counter-Complaint/Third Party Complaint against Fannie Mae and JP Morgan Chase ("Amended Complaint") (Docket No. 11), the exhibit filed in support of the defendants' Motion to Dismiss (Docket No. 19, Ex. 1; Docket Nos. 13-14), and the defendants' notice of removal and exhibits attached thereto (Docket No. 1).

[3] It is unclear what or who "DL Legal" is. The plaintiff does not explain what DL Legal is in her Amended Complaint or in her brief in opposition to the defendants' motion.

[4] Carr pleads that she was eligible for a modification under HAMP's criteria because (1) her property mortgage loan originated before January 1, 2009; (2) the property was not condemned; (3) Carr was experiencing a financial hardship; (4) Carr could set up an escrow balance; (5) the unpaid principal was less than $729,750.00; (6) the mortgage was secured by a one-unit property; and (7) the borrower could submit an Initial Package before December 31, 2013. (Docket No. 11 ¶ 8.)

foreclosure sale of her home upon the receipt of the HAMP loan modification request.[5]
Nevertheless, the property was sold on September 28, 2012 at the Register of Deeds office in Davidson County, Tennessee for $144,612.66. Carr alleges that she did not learn of her home's sale—or that a date of sale had been scheduled—until on or around October 5, 2012, when DL Legal informed her that it would be closing her case. At that time, Carr contacted JP Morgan Chase and learned that the home had been sold at a scheduled foreclosure sale.

## II.     **The Action**

On October 28, 2012, Fannie Mae filed a detainer action against Carr in the General Sessions Court of Davidson County, Tennessee. (*See* Docket No. 1.) On November 14, 2012, Carr filed an Answer and Counter-Complaint against Fannie Mae. (*Id.*, Ex. 1.) Carr asserted various claims against Fannie Mae, all of which appear to be included in the Amended Complaint. (*Compare* Docket No. 1, Ex. 1 *with* Docket No. 11.) Fannie Mae removed Carr's Counter-Complaint to this court on August 6, 2013 on the grounds of diversity jurisdiction. (Docket No. 1.) On March 21, 2013, Carr filed the Amended Complaint, which includes the Third Party Complaint against JP Morgan Chase. (Docket No. 11.)

The Amended Complaint focuses on the actions of JP Morgan Chase in its role as the servicing agent of Carr's mortgage. Carr alleges that, after she became delinquent on her mortgage, she submitted an appropriate request for a modification to JP Morgan Chase. Carr claims that, despite her request and contrary to the HAMP guidelines, JP Morgan Chase

---

[5] Carr cites to the HAMP program's Supplemental Directive 10-02 and alleges that it prohibits, *inter alia*, the referral of a loan to foreclosure or execution of a scheduled foreclosure sale "*unless* and *until* . . . the borrower is evaluated for HAMP and is determined to be ineligible for the program." (Docket No. 18 at 3); *see also* HAMP Supplemental Directive 10-02, dated March 24, 2010, https://www.hmpadmin.com//portal/programs/docs/hamp_servicer/sd1002.pdf (last visited Oct. 18, 2013) (emphases in original).

3

negligently failed to suspend the foreclosure sale because of "inadequate staffing, supervision, training, [and] unsound and unsafe banking practices." She further submits that the foreclosure of her home was unlawful. The Amended Complaint does not clearly set out a legal claim, but appears to allege the following: (1) that JP Morgan Chase and Fannie Mae engaged in wrongful foreclosure; (2) that JP Morgan Chase was negligent in its duties as agent because it failed to suspend the sale of Carr's home; (3) breach of contract; (4) loss of equity; and (5) damage to Carr's credit.

In their motion, the defendants construe the Amended Complaint to assert three legal claims: (1) a private cause of action under the HAMP guidelines; (2) negligence; and (3) wrongful foreclosure. (Docket No. 14 at 2.) In her opposition brief, Carr objects to the defendants' interpretation of the Amended Complaint and limits her arguments to a single negligence claim against the defendants.[6] The defendants did not file a reply in support of their motion.

## ANALYSIS

**I.     Standard**

In deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the

---

[6] Carr submits that "[she] does not attempt to claim that she has a private right of action pursuant to HAMP." (Docket No. 18 at 1.) She distills her Amended Complaint into a negligence action based on JP Morgan Chase's alleged failure to suspend the sale of her home at foreclosure in light of her valid HAMP modification application and the HAMP guidelines. (*See id.* at 1-3.) She argues that, "[h]ad [JP Morgan Chase] followed the Directives as required, Plaintiff more likely than not would have been able to retain ownership in her home instead of being foreclosed upon." (*Id.* at 4.)

plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting FED. R. CIV. P. 8(a)(2)). The court must determine whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" as required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009).

## II. The Defendants' Motion

JP Morgan Chase and Fannie Mae move to dismiss the Amended Complaint on the grounds that Carr has failed to properly state a claim for a violation of HAMP, a negligence claim under Tennessee law, and a wrongful foreclosure claim. Because Carr is merely utilizing the HAMP guidelines as a basis for her common law tort claim, the court need not reach a determination as to whether or not Carr possess a private right of action under HAMP.[7]

---

[7] The Sixth Circuit has not yet reached a determination regarding whether an individual right of action exists under HAMP, but nearly every court that has evaluated the issue has held that

5

### A. Negligence

In order to establish a negligence claim under Tennessee law, a plaintiff must show the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. *Bennett v. Putnam Cnty.*, 47 S.W.3d 438, 443 (Tenn. Ct. App. 2000). The defendants argue that Carr's negligence claim must be dismissed because they owed no duty of reasonable care to Carr in the servicing of her mortgage.

Absent special circumstances, Tennessee does not impose a common law duty on financial institutions with respect to their customers, depositors, or borrowers. *See Grona*, 2012 WL 1108117, at *3; *Permobil, Inc. v. Am. Express Travel Related Servs. Co., Inc.*, 571 F. Supp. 2d 825, 842 (M.D. Tenn. 2008). Nevertheless, Carr argues that JP Morgan Chase can be liable for failing to adhere to the HAMP guidelines because a duty of care arises when a servicer "attempts to go beyond the normal banking operations such as attempting to review or modify a loan pursuant to HAMP guidelines." (Docket No. 18 at 2.) In support of her argument, Carr cites a handful of cases from district courts in California and one Massachusetts state court, but fails to submit any authority analyzing Tennessee law that supports her position.

---

HAMP does not provide a private right of action to individuals. *See, e.g.*, *Grona v. CitiMortgage, Inc.*, No. 12-cv-0039, 2012 WL 1108117, at *5 (M.D. Tenn. Apr. 2, 2012) ("HAMP did not modify Plaintiff's Loan Documents, and HAMP does not contain a private right of action."); *JP Morgan Chase Bank, N.A. v. Horvath*, 862 F. Supp. 2d 744, 747 (S.D. Ohio 2012) ("The Michigan courts, and virtually every court reviewing the issue, have held that HAMP does not provide for a private cause of action."); *Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010) ("There is no express or implied right to sue fund recipients . . . under TARP or HAMP.") (internal citations omitted); *see also Marks v. Bank of Am., N.A., et al.*, No. 10-cv-08039, 2010 WL 2572988, at *5-7 (D. Ariz. June 22, 2010) (analyzing express and implied rights of action under HAMP and dismissing homeowner's claim against Fannie Mae, the owner of her mortgage, and Bank of America, the mortgage's servicer).

In fact, courts assessing this exact issue under Tennessee law have routinely dismissed negligence claims based on violations of the HAMP guidelines. *See, e.g.*, *Williams v. SunTrust Mortg., Inc.*, No. 12-cv-0477, 2013 WL 1209623, at *3-4 (E.D. Tenn. Mar. 25, 2013) (dismissing negligence claim against mortgage servicing agent and Fannie Mae arising from a foreclosure sale of the plaintiff's home, despite the plaintiff's pending HAMP loan modification request); *Silvestro v. Bank of Am., N.A.*, No. 13-cv-0066, 2013 WL 1149301, at *4 (M.D. Tenn. Mar. 19, 2013) (dismissing negligence claim for failure to demonstrate a duty outside of the borrower-lender relationship, where the plaintiffs' negligence claim arose from their attempts to modify a mortgage loan); *Grona*, 2012 WL 1108117, at *3-4 ("Here . . . Plaintiff's claims arise from Defendant's handling and servicing of her mortgage loan, including the attempts to modify that loan. Because Plaintiff cannot show that Defendant owed her a duty of care . . . [her] negligence claim must fail."); *Vaughter v. BAC Home Loans Servicing, LP*, No. 11-cv-0776, at *4-5 (M.D. Tenn. Jan. 19, 2012) (same); *see also Clay v. First Horizon Home Loan Corp.*, 392 S.W.3d 72 (Tenn. Ct. App. 2012).

Just last year, the Tennessee Court of Appeals reversed a trial court's decision to permit a negligence claim based on an alleged violation of the HAMP guidelines to proceed past a motion to dismiss. *Clay*, 392 S.W.3d at 79. There, the court assessed various claims asserted by a homeowner who became delinquent on his mortgage and made attempts to modify the loan pursuant to HAMP. *See id.* at 74-79. Despite attempts to modify his mortgage, the homeowner received little cooperation from the loan servicer and ultimately, his home was sold at foreclosure without his knowledge. After the trial court denied the loan servicer's motion to dismiss the plaintiff's negligence claim, the loan servicer appealed. The Tennessee Court of Appeals held that the terms of HAMP do not impose a special duty on mortgage owners and

servicers with respect to borrowers seeking to modify their mortgage loan under HAMP. *Clay*, 392 S.W.3d at 79 (citing *Thomas v. JPMorgan Chase & Co.*, 811 F. Supp. 2d 781 (S.D.N.Y. 2011)).

As these cases demonstrate, Tennessee law does not impose any "special duty" on financial institutions acting as mortgagees, even when they review HAMP modification requests and fail to adhere to the HAMP guidelines. Carr's negligence claim lacks a source of common law duty because it involves the performance of her mortgage loan, which is part of the borrower-lender relationship among her, JP Morgan Chase, and Fannie Mae. *See Silvestro*, 2013 WL 1149301, at *4 (citing *Permobil*, 571 F. Supp. 2d at 842). Carr has failed to offer any authority to support her argument that, under Tennessee law, the defendants owed her a special duty of care. She has similarly failed to set forth an alternative source of duty for her negligence claim. Because Carr fails to satisfy the first element of her negligence claim, her claim against the defendants will be dismissed with prejudice.

### III.  Remaining Detainer Action

The court will dismiss Carr's Amended Counter Complaint/Third Party Complaint (Docket No. 13), but it makes no determination regarding the original detainer action filed by Fannie Mae. Within 10 days of entry of the court's order, Fannie Mae and Carr (the parties to the original detainer action) shall each file a notice reflecting its position as to the status of the removed detainer action in light of the court's ruling.

### CONCLUSION

For the reasons discussed herein, the defendants' Motion to Dismiss the Amended Complaint/Third Party Complaint will be **GRANTED** and the plaintiff's claims will be **DISMISSED WITH PREJUDICE**.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge